JAMES DUNLOP, Chief Judge; JAMES S. MORSELL and
WILLIAM M. MERRICK, Associate Judges.

---

UNITED STATES *ex rel* WM. COPELAND.

AT LAW.  DECIDED MAY 30, 1862.

*Writ of Habeas Corpus,*

The fugitive slave law of 1850 is as applicable to this District as to any of the States, and as this is a Circuit Court of the United States its authority to appoint Commissioners under that law is clear.

This was a petition of Daniel Breed for a writ of *habeas corpus* for the discharge of the fugitive.

The case had been previously argued, and the decision of the Court was delivered by Judge Dunlop, as follows:

It was the duty of the Court to decide this matter at once.  It is a singular fact that for the first time in sixty years this matter has been contested in this Court.

The Court was established in 1801.  Three or four days after the law of 1793, in regard to fugitive slaves and fugitives from justice was made applicable to this District.  From that time this Court has decided all cases, both of fugitive slaves and fugitives from justice escaping from a State into this District, and no contest has heretofore been made.

The law is precisely the same in regard to fugitives from justice as in relation to fugitive slaves.  Contemporaneous

expositions of the law will bear us out in this decision, that the law as applied to States is applicable to this District. Governors of States, including some of the free States, have always put this construction on the law, and made demands upon this Court for escaped fugitives.

It would be singular if we were required to decide, so as to make this District not only a refuge for all the runaway slaves, but for all the criminals and fugitives from justice of all the States in the Union.

Judge Story says that the Union could not have been formed but for the principle which this law allows. This was incorporated into the Constitution by a vote of all the States. Maryland and Virginia would not have consented to the Union if this District was to be a refuge for their fugitives. The one gave the whole north-west territory to the Federal Government, and both ceded ten miles of territory in the centre of the United States for a Federal Capitol. It would require language overbearing and powerful to cause us to make a decision which would deprive these States of the right to take their fugitives here.

It is our duty to conform to the *unanimous* decision of the Supreme Court, and insist upon the enforcement of a law which has been enforced for sixty years.

The Court insisted that not only the spirit but the letter of the law of 1850 rendered it strictly applicable to this District. The language is such as to place it beyond all dispute that Congress intended to embrace the District in the provisions of this Act. It would certainly be an objectionable construction of the law that all slaves which we own are to be brought here, and all slaves escaping here shall stay. In regard to the appointment of Commissioners, we contend that our right is clear, under the law of Congress, which makes this a Circuit Court of the United States. The first section of the law of 1850 authorizes the appointment of Commissioners by any Circuit Court of the United States.

The man Copeland is now in the lawful custody of a lawful officer, for a lawful purpose, and we do not feel authorized to interfere in this case.

Therefore the writ of *habeas corpus* is refused.